UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. KAMP,

                Plaintiff,                          Hon. Robert J. Jonker

v.                                              Case No. 1:24-cv-1116

UNKNOWN PARTIES, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action October 24, 2024. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.
662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that a defendant has acted
unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a
defendant's liability, it "stops short of the line between possibility and plausibility of
'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.
> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not
> suffice. . .Rule 8 marks a notable and generous departure from
> the hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions.   Second, only a
> complaint that states a plausible claim for relief survives a
> motion to dismiss. . .Determining whether a complaint states
> a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. But where the well pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged – but it has not "show[n]" – "that the
> pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

It is difficult to discern who or what Plaintiff is asserting this action against or
what claims he is attempting to assert.   Plaintiff's complaint fails to identify any
defendant.   Likewise, Plaintiff has failed to identify, or even suggest, what law(s) any
individual or entity has allegedly violated.   Plaintiff has likewise failed to articulate
facts indicating that any individual or entity engaged in wrongful or unlawful conduct.

Instead, Plaintiff's complaint contains illogical references to unemployment, pyramids, slavery, and sex-trafficking.   Plaintiff's complaint simply fails to allege facts sufficient to state a claim against any identified individual or entity on which relief may be granted.   Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.

## <u>CONCLUSION</u>

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: November 6, 2024               /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

3